# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRYL WHITE,               )
                       )

        Plaintiff,        )
                       )

vs.                      )    CIVIL NO. 09-cv-839-DRH
                       )

MRS. FENTON, et al.,       )
                       )

        Defendants.     )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This action was commenced in the Central District of Illinois, and later transferred to this District. What was construed as the "complaint" in this action (Doc. 1) is simply a one-page letter, which does not even marginally meet the federal pleading requirements. *See* FED.R.CIV.P. 8(a).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED.R.CIV.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Thus, on its face, this "complaint" fails to state a claim upon which relief may be granted, *see* FED.R.CIV.P. 12(b)(6), and it is **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to comply with an order of this Court and for failure to state a claim upon which relief may be granted.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to provide Plaintiff with two copies of this District's civil rights complaint form to assist him in complying with this Order.

**IT IS SO ORDERED.**

**DATED:   April 14, 2010.**

   /s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**